# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RONALD SATISH EMRIT,**

    **Plaintiff,**

vs.                                                Case No. 1:23-cv-00047-AW-MAF

**UNIVERSITY OF MIAMI SCHOOL OF LAW,**
**et al.,**

    **Defendants.**
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Ronald Satish Emrit, a non-prisoner proceeding *pro se*, filed two identical lawsuits in two different jurisdictions –here and in the Southern District of Florida. Plaintiff sues Defendants under the Americans with Disabilities Act (ADA) and other statutes alleging employment discrimination. Plaintiff did not pay the $402 filing fee but submitted a motion to proceed *in forma pauperis* (IFP). ECF No. 3. Plaintiff's IFP motion is **GRANTED**. The complaint has now been reviewed as required by 28 U.S.C. § 1915A. For the reasons stated, this case should be dismissed as malicious.

I. **Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or

fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable

to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff's complaint is no model of clarity. To make sense of Plaintiff's complaint, the Court takes judicial notice of his relevant federal litigation history pursuant to Fed. R. Evid. 201. Plaintiff is a vexatious litigant who initiated at least 338 cases in federal courts across the country. [1] Plaintiff's identity is verified by his address. This complaint fails to comport with the Rules governing this proceeding. It is not on the proper form.

As best can be determined, Plaintiff applied for a position as a law professor at the University of Miami Law School (UM Law) and is "filing this lawsuit to obtain employment even though he is disabled with bipolar disorder and schizoaffective disorder." ECF No. 1, p. 2. One of the school

---

[1] A search of PACER confirms Plaintiff filed at least 338 cases in thirty-six states: Alaska, Alabama, Arkansas, California, Connecticut, District of Columbia, Delaware, Florida, Georgia, Hawaii, Iowa, Idaho, Iowa, Illinois, Indiana, Kansas, Louisiana, Massachusetts, Maryland, Maine, Missouri, Montana, North Carolina, Nebraska, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, Wisconsin, West Virginia, and Wyoming.

administrators contacted Plaintiff's relative although he did not list the relative on any paperwork. Id., p. 4. Plaintiff does not indicate when he applied nor does he suggest he has any of the qualifications for a position as a law professor aside from being a "vexatious litigant" and having a juris doctorate degree. Id., pp. 1, 4, 10-11. Plaintiff alleges Defendants violated the ADA by not offering him a position and "committed the invasion of privacy through false light by contacting the plaintiff's relative" about his prior litigation history. Id., p. 6. Plaintiff also alleges slander, negligence, intentional infliction of emotional distress, and violations of the Constitution and Title VII of the Civil Rights Act of 1964. Id., pp. 7-11. The complaint states jurisdiction is proper in the Southern District of Florida. Id., p. 3. Defendants are in Miami; and Plaintiff lives in Sarasota, Florida. Id., pp. 3-4.

## III. Discussion

### A. Venue

It appears that Plaintiff has filed this case in the wrong venue. Venue is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

> substantial part of property that is the subject of the action is situated; . . .

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue *sua sponte* but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010).

Here, because Defendants are in Miami and Plaintiff is in Sarasota, venue is proper in the Southern District of Florida. See 28 U.S.C. § 89(c). Plaintiff has already filed an identical lawsuit there: Emrit v. University of Miami School of Law, et al., S.D. Fla. No. 1:23-cv-20847-BB. Rather than burden the court with a duplicative case, dismissal is appropriate.

B. Duplicative Cases are Malicious and Warrant Dismissal

As stated above, Plaintiff filed hundreds of cases in federal courts. Numerous federal courts, including this Court, have advised Plaintiff on the proper way to proceed in federal cases and warned dismissal is an appropriate sanction for duplicate cases. See Emrit v. Universal Music Group, Island, et al., D. Alaska Case No. 5:19-cv-00009-RRB, ECF No. 6; Emrit v. Jules, N.D. Fla. No. 4:23-cv-00008-WS-MAF.

This case is subject to dismissal as a sanction for Plaintiff's abuse of the judicial process. The federal courts have certain implied powers including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32 (1991). The Eleventh Circuit has held that duplicative cases qualify for dismissal as malicious under § 1915(e)(2)(B). <u>See</u> <u>Daker v. Ward</u>, 999 F.3d 1300, 1305-06 (11th Cir. 2021) (dismissing prisoner case—as an abuse of the judicial process and malicious--where he made the same or substantially similar challenges in two other active federal cases against many of the same defendants).

Plaintiff simultaneously initiated this case and the one in the Southern District of Florida and was warned to refrain from submitting duplicative and frivolous pleadings. Plaintiff has a pattern of filing multiple cases with other nearly identical cases pending. Plaintiff's attempt to litigate the same claims against these defendants in multiple cases in multiple jurisdictions at the same time is a gross abuse of the judicial process. Dismissal is appropriate.

## IV.   Conclusion and Recommendation

1.   Plaintiff's motion to proceed in forma pauperis, ECF No. 3, is **GRANTED**. The remainder of the case is deferred to the presiding judge with the recommendation below.

2.     For the reasons stated, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for improper venue and because it is an abuse of the judicial process. It is further recommended that the case be closed.

**IN CHAMBERS** at Tallahassee, Florida on March 6, 2023.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).